```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/12/2023_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Comair Limited (In Business Rescue),

                Debtors.

THE BOEING COMPANY,

                Appellant,

- against -

RICHARD A. FERGUSON, IN HIS CAPACITY
AS FOREIGN REPRESENTATIVE OF COMAIR
LIMITED (IN BUSINESS RESCUE),

                Appellee.

21 Civ. 10146 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    The Boeing Company ("Boeing" or "Appellant") appeals from an order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") dated November 14, 2021 (the "November 14 Order"). Order, ECF No. 1. The November 14 Order granted the motion of Richard A. Ferguson,[1] in his capacity as the foreign representative (the "Foreign Representative") of Comair Limited (together with the Foreign Representative, "Comair" or "Appellee") to conduct discovery pursuant to § 1521 of the Bankruptcy Code and Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure. *See generally* Order. The November 14 Order did not rule on the scope of the "proposed discovery," and "directed [the parties] to meet and confer in an effort to resolve their disputes regarding the proposed discovery." *Id.* at 27–28.[2]

---

[1] Although Ferguson and Shaun Collyer serve as "joint business rescue practitioners," Order at 4, only Ferguson is named in this appeal. Therefore, the Court refers only to Ferguson as the Foreign Representative.
[2] The Court determines that it can resolve this appeal without further briefing from the parties. *See, e.g.*, ECF Nos. 27–28, 38.

**BACKGROUND**

The facts of this appeal are thoroughly discussed in the November 14 Order, and, therefore, the Court sets forth only those facts which are relevant to this order. Comair "is one of the largest regional commercial airline companies in southern Africa." Order at 3. In 2010, Comair and Boeing entered into an agreement "pursuant to which Boeing agreed to manufacture, and Comair agreed to purchase, Boeing aircraft." *Id.* at 7–8. On September 18, 2013, Boeing and Comair entered into a purchase agreement for eight 737 MAX 8 aircraft. *Id.* at 8. In February 2019, Boeing delivered and was paid for the first of those eight aircraft. *Id.* However, Comair's "re-fleeting plan was stalled and ultimately abandoned in the wake of the fatal 737 MAX 8 crashes [of two flights in 2018 and 2019] . . . and the subsequent grounding of all 737 MAX 8 aircraft worldwide." *Id.* On February 12, 2020, "Comair purported to cancel and terminate the [p]urchase [a]greement for all eight [a]ircraft." *Id.*

Additionally, between 2015 and 2019, Comair experienced "significant financial challenges." *Id.* at 3. On May 4, 2020, Comair's board of directors adopted a resolution to begin business rescue proceedings under Chapter 6 of the South African Companies Act 71 of 2008. *Id.* at 4. On May 5, 2020, Comair commenced its business rescue proceeding (the "South African Proceeding"). *Id.* On February 16, 2021, "South African counsel for the [Foreign Representative in the South African Proceeding] purported to 'reaffirm' Comair's purported termination of the [p]urchase [a]greement[.]" *Id.* at 8. The parties dispute the effect of Comair's purported repudiation of the purchase agreement and its impact on the South African Proceeding. *Id.* at 9–10. The Foreign Representative "believes that Comair may have various causes of action against Boeing and that those causes of action are potentially significant contingent property interests of Comair." *Id.* at 10. The Foreign Representative "contends that he must investigate Boeing's actions from the date Comair contracted

to purchase the 737 MAX 8 [a]ircraft up to the delivery of [the first aircraft] to determine if such actions give rise to a colorable cause(s) of action." *Id.*

On February 16, 2021, the Foreign Representative filed a verified petition under Chapter 15 of the Bankruptcy Code (the "Verified Petition"). *Id.* at 11. The Verified Petition "sought three forms of relief: (a) recognition of the South African Proceeding under 11 U.S.C.§ 1517(b); (b) recognition of the [Foreign Representative] as [a] foreign representative[] under 11 U.S.C. §§ 1509 and 1517; and (c) discretionary relief under 11 U.S.C. § 1521(a)(7), specifically, application of 11 U.S.C. § 365 to this [C]hapter 15 case." Order at 11–12. The Foreign Representative "did not request authority to conduct discovery in th[e] [Bankruptcy] Court pursuant to 11 U.S.C. § 1521(a)(4) or Fed[eral] R[ule] [of] Bankr[uptcy] P[rocedure] 2004." Order at 12. On April 14, 2021, the Bankruptcy Court entered a recognition order. *Id.* (describing relief granted).

On August 18, 2021, the Foreign Representative filed a motion to conduct discovery pursuant to § 1521 of the Bankruptcy Code. *See id.* at 12–15. Boeing objected to the motion. *Id.* Following a hearing on the motion, *id.* at 2 n.5, the Bankruptcy Court issued the November 14 Order, holding "that the Foreign Representative ha[d] established grounds under [§] 1521(a)(4) to conduct discovery of Boeing relating to causes of action that Comair may hold against Boeing and the extent of Comair's potential monetary recovery from Boeing." *Id.* at 27. The November 14 Order granted the discovery motion in part—it did not address Boeing's objections to the discovery requests, and directed the parties "to meet and confer in an effort to resolve their disputes regarding the proposed

3

discovery." Order at 27–28; *see also id.* at 28 ("[T]he Court grants the [m]otion to the extent set forth herein.").

**DISCUSSION**

I.  Legal Standard

District courts exercise appellate jurisdiction over final bankruptcy court orders. *See* 28 U.S.C. § 158(a)(1). "Congress made orders in bankruptcy cases immediately appealable if they finally dispose of discrete disputes within the larger bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 587 (2020) (cleaned up); *see also In re Barnet*, 737 F.3d 238, 244 (2d Cir. 2013). A district court has discretionary appellate jurisdiction over an interlocutory order of a bankruptcy court. 28 U.S.C. § 158(a)(3).

A district court reviews a bankruptcy court's factual findings for clear error and its conclusions of law *de novo*. *In re Overbaugh*, 559 F.3d 125, 129 (2d Cir. 2009); *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006). "For a mixed question of law and fact, the standard of review 'depends . . . on whether answering it entails primarily legal or factual work.'" *In re LSC Cmmc'ns, Inc.*, 631 B.R. 818, 820 (S.D.N.Y. 2021) (citing *U.S. Bank Nat'l Ass'n ex rel. CWCapital Asset Mgmt. LLC v. Vill. at Lakeridge, LLC*, 138 S. Ct. 960, 967 (2018)) (alteration in original).

II. Analysis

The parties dispute whether the Court lacks jurisdiction over this appeal. Boeing argues that the November 14 Order "is a final order of the Bankruptcy Court authorizing the Foreign Representative to take at least some discovery of Boeing." Appellant Br. at 3, ECF No. 16; *see also id.* at 3 n.2 (citing *In re Barnet*, 737 F.3d at 244, and *Ritzen Grp.*, 140 S. Ct. at 587). Comair contends that this appeal should be dismissed because it is interlocutory, Boeing did not file a motion for leave to appeal, and "the [November 14] Order does not involve a controlling question of law as

to which there is substantial ground for difference of opinion, and the circumstances do not otherwise warrant granting Boeing leave to appeal." Appellee Br. at 5, ECF No. 22; *see also id.* at 15–20.

To start, the parties disagree about the standard the Court should apply to determine whether the November 14 Order is final. Boeing argues that *In re Barnet*'s "clear" holding that "discovery orders in [Chapter 15 proceedings] are appealable" controls. Appellant Reply at 3, ECF No. 24 (citing 737 F.3d at 244). *In re Barnet* "present[ed] an unusual jurisdictional thicket." 737 F.3d at 241. In that case, foreign representatives petitioned a bankruptcy court for recognition of a debtor's "external administration" proceeding in Australia as a foreign main proceeding under 11 U.S.C. § 1515 and sought discovery from the debtor's U.S. affiliate. *In re Barnet*, 737 F.3d at 241. After the bankruptcy court entered the recognition order on September 6, 2012, the U.S. debtor filed a notice of appeal to the district court on September 20, 2012. *Id.* The foreign representatives filed a motion seeking discovery from the U.S. debtor and other parties on October 5, 2012, and, on October 9, 2012, the U.S. debtor sought a stay pending appeal. *Id.* On November 28, 2012, the bankruptcy court granted a joint application for certification of the recognition order for direct appeal to the Second Circuit. *Id.* On December 10, 2012, the bankruptcy court denied the U.S. debtor's motion to stay discovery, and, two days later, granted the foreign representatives' discovery motion. *Id.* On December 21, 2012, the parties filed a joint application for direct appeal. *Id.* Although the parties did not discuss the discovery order in their joint request, the Second Circuit "construe[d] the appeal as being from the discovery order, which appeal [brought] up for review the non-final [r]ecognition [o]rder that was a necessary prerequisite to discovery." *Id.* at 242.

The Second Circuit held that the bankruptcy court's discovery order was appealable for two reasons. *Id.* at 243–44. The Second Circuit initially recognized that "[b]ecause they are not final orders, the general rule is that discovery orders are not appealable unless the object of the discovery order refuses to comply and is held in contempt." *Id.* at 243. According to the court, that general rule

5

"has an exception for discovery orders issued pursuant to 28 U.S.C. § 1782(a), which provides discovery 'for use in a proceeding in a foreign or international tribunal.'" *In re Barnet*, 737 F.3d at 244 (citation omitted). In particular, § 1782(a) discovery orders "constitute[] the final resolution of a petition to take discovery in aid of a foreign proceeding, and is, therefore, immediately appealable." *Id.* (citing *Chevron Corp. v. Berlinger*, 629 F.3d 297, 306 (2d Cir. 2011)) (internal quotations omitted). The Second Circuit noted that "[t]he same reasoning applies in [the Chapter 15] context." *Id.* "Chapter 15 proceedings, like [§] 1782 proceedings, are ancillary to a 'suit in another tribunal,' such that there will never be a final resolution on the merits beyond the discovery relief itself." *Id.* (citation omitted). The Second Circuit also likened "[t]he discretionary relief permitted by [§] 1521" to the "automatic relief imposed by [§] 1520." *Id.* The Second Circuit reasoned that, once recognition is granted under [§] 1520, "the imposition of automatic relief requires no further action by the [b]ankruptcy [c]ourt." *Id.* Thus, the Second Circuit concluded that the discovery order granted by the bankruptcy court was appealable. *Id.*

Comair argues that *Ritzen Group*, a Supreme Court case that was decided seven years after *Barnet*, applies. Appellee Br. at 15–19 (citing *Ritzen Grp.*, 140 S. Ct. at 587, 589–90). *Ritzen Group*, a Chapter 11 bankruptcy case, addressed the finality of bankruptcy court orders. 140 S. Ct. at 586–88. "Orders in bankruptcy cases," contrary to civil litigation generally, "qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Id.* at 586 (citing *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015)). In a unanimous opinion, Justice Ginsburg wrote, "[i]t is . . . common for bankruptcy courts to resolve discrete controversies definitively while the umbrella bankruptcy case remains pending." *Id.* at 586–87. In other words, "the usual judicial unit for analyzing finality in ordinary civil litigation is the case, but in bankruptcy, it is often the proceeding." *Id.* at 587 (cleaned up). For that reason, the "[c]orrect delineation of the dimensions of a bankruptcy 'proceeding' is a matter of considerable importance." *Id.* Applying that framework, the

6

Supreme Court held that a bankruptcy court's order denying relief from the automatic stay in a Chapter 11 bankruptcy was a final order. *Id.* at 589–90.

*In re Barnet* is inapposite. In that case, the foreign representatives appear to have only sought discovery from the debtor's U.S. affiliate through Chapter 15. *See In re Barnet*, 737 F.3d at 241. The Second Circuit determined that, following the grant of the foreign representative's discovery motion, "no further action" was required by the bankruptcy court. *Id.* at 244. There was, therefore, a final resolution. *Id.* Here, the November 14 Order left open the question of the potential scope of discovery, directing the parties "to meet and confer in an effort to resolve their disputes regarding the *proposed* discovery." Order at 28 (emphasis added). The November 14 Order further directed the parties to "contact [c]hambers to arrange a discovery conference" if they could not resolve their disputes. *Id.* Had that been the end of the matter, it is possible that no further action from the Bankruptcy Court would be required. However, the record before this Court indicates that the Bankruptcy Court's work in the Chapter 15 proceeding is not complete. For instance, in May 2022, the parties "filed letter briefs with the Bankruptcy Court concerning [a discovery dispute]." ECF No. 35 at 2 n.1. The Court is not aware of any resolution to that dispute. There is also a motion to compel discovery pending before the Bankruptcy Court. *Id.* at 4. In addition, on June 14, 2022, "the South African High Court overseeing Comair's business rescue proceeding granted the Foreign Representative's application for an order converting Comair's business rescue proceeding to a provisional liquidation." ECF No. 27 at 1. The South African court also appointed joint provisional liquidators ("JPLs") to oversee the provisional liquidation. ECF No. 35 at 1. On July 15, 2022, the JPLs "filed a motion with the Bankruptcy Court, asking that [the Bankruptcy] Court . . . amend its prior recognition order and substitute the JPLs as parties for the [Foreign Representative] in the Chapter 15 case and the contested matter that is subject to this appeal." *Id.* Boeing opposed the motion. *Id.* "The parties await a decision from the Bankruptcy Court on the JPL's motion to

substitute," *id.*, following a hearing on December 15, 2022, ECF No. 37. The parties "continue to disagree about how the current circumstances in the South African and Bankruptcy Court proceedings impact this appeal." ECF No. 37; *see also* ECF No. 35.

The Court looks to *Ritzen Group* for guidance. *Ritzen Group* did not discuss *In re Barnet*, but it is consistent with the approach taken by the Second Circuit.[3] Unlike in *In re Barnet* and *Markus v. Rozhkov*, 615 B.R. 679 (S.D.N.Y. 2020), a post-*Ritzen Group* decision from this district, where the discovery order on appeal was entered following the bankruptcy court's resolution of discovery-related disputes, the November 14 Order did not "*definitively* dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp.*, 140 S. Ct. at 586 (emphasis added). The Bankruptcy Court reserved judgment on Boeing's objections to the proposed discovery, and did not rule on the scope of any authorized discovery. Order at 27–28. The parties have since raised discovery disputes with the Bankruptcy Court. Recent developments in the South African Proceeding and how they might impact the Chapter 15 case raise questions about whether the November 14 Order "constitutes the final resolution of a petition to take discovery in aid of a foreign proceeding." *In re Barnet*, 737 F.3d at 244 (citation omitted). Further, the "general aversion to piecemeal appeals" weighs against a finding of finality on this record. *In re Bethlehem Steel Corp.*, No. 02 Civ. 2854, 2003 WL 21738964, at *3 (S.D.N.Y. July 28, 2003) (citation omitted); *see also In re LATAM Airlines Grp. S.A.*, No. 22 Civ. 2556, 2022 WL 1471125, at *8 (S.D.N.Y. May 10, 2022). The Court, therefore, concludes that the November 14 Order is not final. Accordingly, Boeing is not entitled to appeal the November 14 Order as of right. 28 U.S.C. § 158(a)(1).

Boeing argues that the Court should grant leave to appeal the November 14 Order as an interlocutory appeal. Appellant Reply at 7–9. "[C]ourts in this Circuit generally apply the standard

---

[3] Boeing agrees that *In re Barnet*'s "reasoning tracks the . . . Supreme Court's most recent word on [appeals from final decisions in bankruptcy proceedings]." Appellant Br. at 3 n.2 (citing *Ritzen Grp.*, 140 S. Ct. at 587).

for certifying an interlocutory appeal set forth in 28 U.S.C. § 1292(b) to determine whether to exercise discretion under 28 U.S.C. § 158(a)(3)." *In re LATAM Airlines Grp. S.A.*, 2022 WL 1471125, at *10.  "Under [§] 1292(b), leave to appeal should be granted only if the relevant order[:] (1) involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.* (citing 28 U.S.C. § 1292(b)) (quotation marks omitted).  "This standard is strictly applied as interlocutory appeals from bankruptcy courts' decisions are 'disfavored' in the Second Circuit." *In re Liddle & Robinson, L.L.P.*, No. 20 Civ. 865, 2020 WL 4194542, at *4 (S.D.N.Y. July 21, 2020) (citation omitted).

Boeing did not file a motion for leave to appeal.  The Court shall treat Boeing's notice of appeal as a motion for leave to appeal.  Fed. R. Bankr. P. 8003(c).  The Court declines to grant leave to appeal.  *In re Liddle & Robinson, L.L.P.*, 2020 WL 4194542, at *4 ("District court judges have broad discretion to deny certification even where the statutory criteria are met." (citation and alteration omitted)).  Boeing has failed to show that "an immediate appeal from the [November 14 O]rder may materially advance the ultimate termination of the litigation" or that "there is substantial ground for difference of opinion" on the issue resolved by the Bankruptcy Court.  28 U.S.C. § 1292(b).  The Court also finds that Boeing has not established that there are "exceptional circumstances" that warrant leave to appeal.  *In re Liddle & Robinson, L.L.P.*, 2020 WL 4194542, at *4; *see also In re Lehman Bros. Holdings Inc.*, No. 13 Civ. 2211, 2014 WL 3408574, at *1 (S.D.N.Y. June 30, 2014).  Accordingly, Boeing's motion for leave to appeal is DENIED.[4]

---

[4] Boeing's request for oral argument, Appellant Br. at ii, is DENIED.

## CONCLUSION

For the reasons stated above, Boeing's motion for leave to appeal is DENIED, and this action is DISMISSED for lack of jurisdiction. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: January 12, 2023
      New York, New York

_____
ANALISA TORRES
United States District Judge